UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 02-41-GWU, 96-319-GWU

RONALD E. MARSHALL, PLAINTIFF,

VS. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Wolodymyr Cybriwsky, counsel for the plaintiff in this action, filed a motion for an award of attorney's fees pursuant to § 206 of the Social Security Act, codified at 42 U.S.C. § 406(b)(1)(A). In a decision dated March 18, 2009, the undersigned granted the fee petition only to the extent that counsel was awarded $9,655.50 subject to the Equal Access to Justice (EAJA) offset. Docket Entry No. 61. Claiming that a substantially larger amount was due, Cybriwsky has now filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The defendant opposes the motion.

## DISCUSSION

The major issue between the parties concerns the amount of past due benefits Ronald Marshall was owed by the administration after a fully favorable decision was issued in April of 2003 finding that he had been disabled since June of 1989. Cybriwsky initially claimed that the plaintiff was entitled to $125,938.40 and

1

02-41, 96-319  Ronald E. Marshall

that 25 percent of this amount should have been withheld for payment of counsel's fee, which would be $31,484.60. Docket Entry No. 46. The defendant asserted that the past due benefits amounted to $121,497.00, leaving $30,374.25 available for the attorney's fee.  Docket Entry No. 45.  After an unsuccessful attempt by the parties to resolve the issue following a court order, Cybriwsky asserted that the amount of past due benefits should actually have been $142,843.30 and the amount withheld for attorney's fees should have been $35,710.82.  Docket Entry No. 55.  The undersigned ultimately agreed with the arguments of the defendant and found that the amount of past due benefits available for counsel's fee was $30,374.25.  Docket Entry No. 61.  After a deduction was made for administrative fees which were found to have been awarded, Cybriwsky was found eligible for $9,655.50 in attorney's fees pursuant to § 406(b)(1).

In determining that the proper amount of past due benefits for Marshall was $121,497.00, the court noted that under the federal regulations, the computation of the amount of past due benefits was deemed an "initial" determination.  20 C.F.R. § 404.902(c).  The undersigned noted that this "initial" decision was subject to administrative and judicial review as outlined at 20 C.F.R. § 404.900.  A claimant must first exhaust the administrative remedies before taking disputes concerning the amount of disability awards to federal district court.  <u>Pohlmeyer v. Secretary of Health and Human Services</u>, 939 F.2d 318, 320-321.  In the present action, the court found that the administrative procedure required to challenge the past due

02-41, 96-319  Ronald E. Marshall

benefits amount had not been complied with and, so, the administration's figures were binding.

Cybriwsky asserts that he has made a timely challenge of the amount of past due benefits before the administration.  He asserts that despite his efforts, the administration never provided a formal overall benefit computation at the administrative level.  He argues that the amounts determined by the administration were timely challenged and the Commissioner did not respond.

The procedures outlined in § 404.900(a) provide for an initial determination and if dissatisfied with the outcome, one can seek reconsideration, then a hearing before an Administrative Law Judge (ALJ), and then review by the Appeals Council.  Only after these stages are completed may an appeal be taken to federal district court.  20 C.F.R. § 404.900(a)(5).  A claimant must comply with these procedures in order for the court to have jurisdiction over the matter.  Pohlmeyer, 939 F.2d at 321.  In the present action, Cybriwsky has not shown that these procedures have been complied with.   No decision from an ALJ or the Appeals Council has been issued as required for judicial review.  At best, his arguments suggest that the issue of past due benefit amounts is still pending at the administrative level, making appeal to federal district court premature.  Therefore, the undersigned must reject his argument.

Cybriwsky notes other arguments concerning the calculation of the amount of past due benefits, asserts that the total amount should actually have been

02-41, 96-319  Ronald E. Marshall

$182,660.20 and that $45,665.05 was the amount available for payment of attorney fees.  However, these arguments fail for the aforementioned reason that Marshall did not comply with administrative appeal procedure.

Accordingly, the motion to alter or amend will be denied.

This the 31st day of August, 2009._

Signed By:

*G. Wix Unthank*

**United States Senior Judge**